ATTORNEYS FOR APPELLANT
Morris L. Klapper
G.R. Parish, Jr.
Klapper Isaac & Parish
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Alan A. Bouwkamp
Newton Becker Bouwkamp
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S02-0503-CV-98

DIRK A. MORRIS AND
LISA K. BOWMAN-MORRIS,                                    *Appellants (Plaintiffs below),*

v.

ECONOMY FIRE AND CASUALTY COMPANY,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, AND
METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,
                                                        *Appellees (Defendants below).*

Appeal from the Marion Superior Court, No. 49D12-0308-CT-1475
The Honorable Robyn Moberly, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0402-CV-129

**June 6, 2006**

**Dickson, Justice.**

Following a claimed break-in and loss of property from a mini-storage facility used by the plaintiffs-appellants, Dirk A. Morris and Lisa K. Bowman-Morris ("the Morrises"), a dispute arose between them and their property loss insurer, defendant-appellee Economy Fire and Casualty Company ("Economy").[1] When Economy demanded compliance with policy

---

[1] Multiple defendants were named in the complaint, which generally alleged that the plaintiffs were "insureds of the defendant insurance companies under a homeowners insurance policy." Appellant's App'x. at 14. The defendants jointly filed an answer stating: "Defendants admit a policy of insurance was

provisions requiring its policyholder to produce records and documents and submit to an examination under oath, but refused to first provide the Morrises' attorney with transcripts of their prior recorded statements taken by the company, the Morrises brought an action claiming that their insurance company failed to deal in good faith and immediately submitted interrogatories and requested production of documents from the defendants. *See* Appellants' App'x. at 3. After the filing of an amended complaint to allege both breach of the insurance contract and the tort of failure to deal in good faith, the trial court granted Economy's motion for summary judgment. The Court of Appeals reversed. Morris v. Econ. Fire and Cas. Co., 815 N.E.2d 129 (Ind. Ct. App. 2004). We granted transfer and now affirm the trial court's grant of summary judgment.

Challenging the summary judgment on appeal, the Morrises contend that they were entitled to refuse compliance with the policy provision until Economy first provided them with copies of any prior statements they gave to the insurer.[2] Citing cases involving the "cooperation clause" in insurance contracts, the Morrises argue that they need not comply with policy terms that are unreasonable and that they are entitled to a preliminary judicial determination of reasonableness, which they assert is "nearly always a question of fact for the jury." Appellants' Br. at 15.

Summary judgment is appropriate only where "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C); *see also* Gunkel v. Renovations, Inc., 822 N.E.2d 150, 152 (Ind. 2005); Worman Enter., Inc. v. Boone County Solid Waste Mgmt. Dist.,

---

issued to Plaintiffs by Economy Fire & Casualty Co." *Id.* at 71. The defendants' relationship is not an issue in this appeal.

[2] The plaintiffs-insureds also contend that the trial court erred in denying their separate motion for summary judgment as to the defendants' counterclaim for declaratory judgment, which raises the same issues as the defendants' motion for summary judgment. In its final dispositional order, the trial court made no reference to the plaintiffs' motion for summary judgment. There is no order denying the plaintiffs' said motion. The court did, however, expressly grant the defendants' motion for summary judgment on all counts of the plaintiffs' complaint as well as to the plaintiffs' complaint for declaratory judgment. Because there was no order expressly denying the plaintiffs' motion for summary judgment, and because we find that the trial court did not err in granting the defendants' motion for summary judgment on the plaintiffs' complaint covering the same issues, we do not address the plaintiffs' separate appellate claim of error in denying their motion for summary judgment.

2

805 N.E.2d 369, 373 (Ind. 2004). We construe all facts and reasonable inferences in favor of the non-moving party. Grunkel, 822 N.E.2d at 152. Generally, the interpretation of an insurance policy presents a question of law and is thus appropriate for summary judgment. Colonial Penn Ins. Co. v. Guzorek, 690 N.E.2d 664, 667 (Ind. 1997). A contract for insurance "is subject to the same rules of interpretation as are other contracts." USA One Life Ins. Co. of Indiana v. Nuckolls, 682 N.E.2d 534, 537-38 (Ind. 1997). If the language in the insurance policy is clear and unambiguous, then it should be given its plain and ordinary meaning, but if the language is ambiguous, the insurance contract should be strictly construed against the insurance company. *Id.* at 538; *see also* Tate v. Secura Ins., 587 N.E.2d 665, 668 (Ind. 1992); Eli Lilly & Co. v. Home Ins. Co., 482 N.E.2d 467, 470 (Ind. 1985).

The property loss provisions in the policy contract in this case contain express conditions entitled "Your Duties After Loss," which begin, "In case of a loss to covered property, you must see that the following are done: . . . ." Appellants' App'x. at 49. Among the explicit duties that are then listed are those in subsection (f), which requires that the insured must:

> f. as often as we reasonably require:
> (1) show the damaged property;
> (2) provide us with records and documents we request and permit us to make copies; and
> (3) submit to examination under oath, while not in the presence of any other insured, and sign the same.

*Id.* In a separate express condition applicable to the property loss coverage, the policy contract states: "No action can be brought unless the policy provisions have been complied with . . . ." *Id.* at 50.

This case does not involve a "cooperation clause." A cooperation clause is a "policy provision requiring that the insured assist the insurer in investigating and defending a claim." BLACK'S LAW DICTIONARY 359 (8th ed. 2004). We note that, with respect only to the policy's *liability* coverages under Section II, condition 3(a)-(b) requires the insured to "help us" by providing "reasonably available information on the time, place and circumstances of the accident or occurence," "the names and addresses of any claimants and witnesses," and "every notice, demand, summons or other process relating to the accident or occurrence." Appellants' App'x. at 55. Condition 3(c) of Section II requires that an insured, "at our request, help us . . . with the

3

conduct of suits and attend hearings and trials" and "to secure and give evidence and obtain the attendance of witnesses," etc. *Id.* These are cooperation clauses. But the policy provision at issue here, applicable only to the policy's *property coverages* under Section I, is an entirely separate condition that explicitly requires the policyholder to perform specific duties. While disputes regarding alleged breaches of an insured's duty under a separate "cooperation clause" may necessitate consideration of resulting prejudice to the insurance company, such prejudice is not a necessary consideration in determining the enforceability of other insurance policy provisions. Miller v. Dilts, 463 N.E.2d 257, 265 (Ind. 1984).

The Morrises' principal argument is that they did not refuse to comply with Economy's demands regarding an examination under oath, but that they simply would not do so until they were given their previous statements. But the contract does not provide that an insured can impose this prerequisite upon the insurer before complying with agreed duties. *See* Conant v. Nat'l State Bank, 121 Ind. 323, 325, 22 N.E. 250, 250 (1889) ("[W]here there is neither fraud nor mistake, the parties cannot add a stipulation to a written contract complete in all its parts."). The Morrises breached the contract as a matter of law when they refused to provide an examination under oath until Economy fulfilled additional conditions prescribed by the Morrises. The plaintiffs also contend that they did not refuse to provide the documentation requested but that they were merely waiting for the court's ruling on what documentation was reasonable. But the Morrises submission to examination under oath and disclosure of documents as required by Economy was a contractual obligation, not a discovery request under the Trial Rules. Compliance was not optional or subject to a trial court determination of reasonableness.

Urging that the contract language itself "provides the filter of reasonableness," Appellants' Br. at 12, the Morrises also present various claims of allegedly unreasonable conduct by the insurance company in handling the claim as grounds justifying their refusal to unequivocally comply with the company's requests for documents and the statement under oath. The Morrises' claim is based on language in the introductory phrase of subsection (f): "[A]s often as we reasonably require." Appellants' App'x. at 49. This reference to reasonableness, however, describes how often the insurer can make requests, not the nature and extent of the information or statement sought. The policy contract does not itself impose an explicit general

4

"reasonableness" requirement on the insurer regarding *what* documentation the insurer might demand of the insured or in *what* context the insurer might ask for an examination under oath.

In this case, Economy requested the Morrises to submit to one examination under oath and likewise asked for the particular documentation and records only once. The Morrises do not contend that the frequency of Economy's requests were unreasonable. We decline to give extensive treatment to the Morrises' broader argument that an insured should not be required to comply with "outrageous and unreasonable demands" by the insurer. Appellants' Br. at 14. A single request for a statement under oath from each of the Morrises is reasonable on its face, and the Morrises supply no basis for any single document request being "outrageous" or "unreasonable." They claim only that they were entitled to refuse to give a statement until their earlier statements were given to them and cite other conduct of Economy that they claim was unreasonable. Neither is a valid reason to avoid their contractual undertaking to "submit to examination under oath." Appellants' App'x. at 49.

This is not a case where an insured, disputing or questioning the interpretation of an insurance policy, initiates a declaratory judgment action to seek judicial resolution. Rather, the Morrises here refused to comply with the policy conditions until first obtaining the prior recorded statements they gave to Economy's investigators, and when Economy refused to provide these statements, the Morrises brought a complaint in tort and immediately submitted interrogatories and requests for production of documents in order to use the rules of discovery to obtain their prior recorded statements. In expressly refusing to submit to examinations under oath until their prior recorded statements were furnished by Economy, the Morrises breached their policy contract. While claiming there was no breach, they do not alternatively contend that the breach was immaterial.

Having previously granted transfer, we now affirm the trial court's entry of summary judgment in favor of the defendants and against the plaintiffs.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

5