**SAFE AUTO INSURANCE COMPANY,**
Appellant–Plaintiff,

v.

**ENTERPRISE LEASING COMPANY OF INDIANAPOLIS, INC.,**
Appellee–Defendant,

and

**Marian Littman, Vision Insurance Group and Jeffrey Harrison,**
Additional Defendants.

No. 01A02–0712–CV–1120.

Court of Appeals of Indiana.

July 2, 2008.

Kirk A. Horn, Mandel Pollack & Horn, P.C., Carmel, IN, Attorney for Appellant.

Michael E. Simmons, Carl M. Chittenden, Hume Smith Geddes Green & Simmons, LLP, Indianapolis, IN, Attorneys for Appellee, Enterprise Leasing Company of Indianapolis, Inc.

## OPINION

MATHIAS, Judge.

After a policyholder was involved in a automobile accident in Virginia while driving a rental car owned by Enterprise Leasing ("Enterprise"), Safe Auto Insurance Company ("Safe Auto") filed a complaint for declaratory judgment in Adams Circuit Court arguing its policyholder was not driving a covered vehicle, and therefore, there was no coverage under the Safe Auto policy. Enterprise then moved for summary judgment asserting that Safe Auto's policy language excluding coverage for leased vehicles is void because it is contrary to Indiana Code section 27–8–9–9. The trial court agreed and entered summary judgment in favor of Enterprise. Safe Auto appeals and argues that there is no conflict between the statute and its policy provision.

We conclude that while Safe Auto's extraordinarily limited coverage for leased vehicles is unusual at the very least, this limited coverage is not in conflict with state statute. Accordingly, the trial court erred when it granted Enterprise's motion for summary judgment and we reverse and remand for proceedings consistent with this opinion.

### Facts and Procedural History

In 2004, Jeffrey Harrison ("Harrison") owned a 1985 Chevrolet truck, which was insured by Safe Auto. On June 29, 2004, Harrison rented a truck from Enterprise to drive from Indiana to Virginia to attend a relative's wedding. Harrison rented a vehicle because his own truck "wasn't trustworthy enough to go all the way out [to Virginia], and he "wanted to take [his] motorcycle." Appellant's App. p. 92.

When Harrison signed the rental agreement, he declined to purchase "Supplemental Liability Protection." The rental

agreement also contained the following provision:

> *Responsibility to Third Parties.* Owner complies with applicable motor vehicle financial responsibility laws as to a state certified self-insurer, bondholder, or cash depositer. Except to the extent required by the motor vehicle financial responsibility laws of the applicable state or otherwise by law, Owner does not extend any of its motor vehicle responsibility or provide coverage to Renter, Additional Authorized Driver(s), passengers or third parties through this Agreement. If valid automobile liability insurance ... is available on any basis to Renter ... and such insurance satisfies the applicable state motor vehicle financial responsibility law, the Owner extends none of its motor vehicle financial responsibility.

Appellant's App. p. 54.

While in Virginia, Harrison was involved in an accident, which caused injury to the occupants of the other vehicle involved. The injured individual, Marian Littman ("Littman") filed a complaint against Harrison in the Circuit Court for the City of Norfolk. Safe Auto defended Harrison in that cause under a reservation of rights. The case eventually settled for $25,000, the liability insurance coverage limits under Harrison's Safe Auto policy.

On April 25, 2007, Safe Auto filed a complaint for declaratory relief in Adams Circuit Court requesting a judgment stating that "there is no coverage under the Safe Auto policy" and "Safe Auto has no duty to defend or indemnify Jeffrey Harrison for" the Virginia accident. Appellant's App. p. 12. In its complaint, Safe Auto cited the following language from Harrison's Safe Auto policy:

> We will provide liability coverage for any auto you rent from a car rental agency or garage, ONLY while your covered auto is being serviced or repaired, or it if has been stolen or destroyed. PLEASE NOTE THAT NO COVERAGE IS AFFORDED TO VEHICLES RENTED FOR REASONS OTHER THAN THOSE STATED ABOVE.
>
> Any liability coverage we provide with respect to an auto you do not own or lease shall be excess over and above any other collectible insurance covering the auto you are driving.

Appellant's App. pp. 12, 17.

On August 9, 2007, Enterprise filed a motion for summary judgment arguing that Safe Auto's policy provided primary coverage by operation of Indiana Code section 27–8–9–9. In response, Safe Auto asserted that under its policy, Harrison was not driving a covered vehicle.

On October 31, 2007, the trial court granted Enterprise's motion for summary judgment. In doing so, the court concluded that Safe Auto's policy language "is contrary to the public policy as adopted by Indiana in IC 27–8–9–9(a)." *Id.* at 7. Safe Auto appeals.

### Standard of Review

When we review the grant or denial of summary judgment, we use the same standard of review as the trial court. Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Poznanski ex rel. Poznanski v. Horvath*, 788 N.E.2d 1255, 1258 (Ind.2003) (citing Ind. Trial Rule 56(C); *Tom–Wat, Inc. v. Fink*, 741 N.E.2d 343, 346 (Ind. 2001)).

> We consider only those facts which were designated to the trial court at the summary judgment stage. We do not reweigh the evidence, but instead liberally construe the designated evidentiary ma-

terial in the light most favorable to the non-moving party to determine whether there is a genuine issue of material fact. *St. Joseph County Police Dept. v. Shumaker,* 812 N.E.2d 1143, 1145 (Ind.Ct.App. 2004), *trans. denied.*

■ "Generally, the interpretation of an insurance policy presents a question of law and is thus appropriate for summary judgment." *Morris v. Econ. Fire & Cas. Co.,* 848 N.E.2d 663, 665–66 (Ind.2006). "A contract for insurance 'is subject to the same rules of interpretation as are other contracts.'" *Id.* at 666 (quoting *USA Life One Ins. Co. of Ind. v. Nuckolls,* 682 N.E.2d 534, 537–38 (Ind.1997)). "If the language in the insurance policy is clear and unambiguous, then it should be given its plain and ordinary meaning, but if the language is ambiguous, the insurance contract should be strictly construed against the insurance company." *Id.*

### Discussion and Decision

■ Safe Auto argues that Harrison did not have coverage under his policy for the leased vehicle and cites the following policy language in support of its argument:

We will provide liability coverage for any auto you rent from a car rental agency or garage, ONLY while your covered auto is being serviced or repaired, or it if has been stolen or destroyed. PLEASE NOTE THAT NO COVERAGE IS AFFORDED TO VEHICLES RENTED FOR REASONS OTHER THAN THOSE STATED ABOVE.

Any liability coverage we provide with respect to an auto you do not own or lease shall be excess over and above any other collectible insurance covering the auto you are driving.

Appellant's App. pp. 12, 17.

Harrison admitted that he rented the truck from Enterprise because the truck he owned insured under the Safe Auto policy, "wasn't trustworthy enough to go all the way out [to Virginia], and he "wanted to take [his] motorcycle." Appellant's App. p. 92. Because Harrison's own truck was not being serviced or repaired, and had not been stolen or destroyed, we agree that under the unambiguous policy language quoted above, Harrison did not have coverage under his policy for the truck he leased from Enterprise.

■ Yet, Enterprise contends that the Safe Auto policy provision exempting coverage for leased vehicles (except in certain circumstances) is unenforceable because the policy language is in conflict with Indiana Code section 27–8–9–9 and is against public policy. That statute provides in pertinent part:

When a claim arises from the operation of a motor vehicle leased under a written lease agreement, **if under the agreement the lessee agrees to provide coverage for damage resulting from his operation of the vehicle,** then the motor vehicle insurance coverage of the lessee is primary. No claim may be made against any coverage available for the vehicle by the lessor until the limits of the motor vehicle insurance coverage provided by the lessee for the vehicle are exhausted.

Ind.Code § 27–8–9–9 (2003) (emphasis added).

■ Section 27–8–9–9 "sets statutory priorities where concurrent policies exist." *See Pafco General Ins. Co. v. Providence Washington Ins. Co.,* 587 N.E.2d 728, 731 (Ind.Ct.App.1992). "By its own terms, I[ndiana Code section] 27–8–9–9 applies only if the lessee agrees to provide insurance." *Id.* (citing *Huber v. Henley,* 669 F.Supp. 1474, 1482 (S.D.Ind.1987) (lessee must agree in writing to provide insurance coverage before I.C. § 27–8–9–9

applies)). In *Westfield Insurance v. Hanover Insurance,* 9 F.3d 656 (7th Cir.1993), the Seventh Circuit made the following observations concerning Indiana Code section 27–8–9–9:

> A statute such as § 27–8–9–9 is a simplifier, cutting through what may otherwise be exceedingly complex. Each policy may claim to be primary, or to be excess, or to be primary unless there is some other policy or unless specified circumstances are present. Indiana decided that instead of working through the circumstances case by case it would adopt a bright line rule. Application of that rule cuts down the costs of adjusting claims, which ultimately makes insurance less expensive for the public at large.

*Id.* at 658.

Enterprise asserts that the General Assembly "logically intended this section to be the statutory embodiment of an important policy rule; namely, that the lessee will supply liability coverage through the lessee's personal automobile insurance policy when renting a vehicle." Br. of Appellant at 6. In response, Safe Auto contends that the statute was enacted "solely to resolve disputes between insurers and rental car agencies as to which policy was primary." Br. of Appellant at 3. Therefore, the statute "cannot be construed to invalidate the 'temporary replacement' vehicle language used in the Safe Auto" policy. *Id.*

In resolving this issue we note first that Harrison never agreed in writing to provide insurance coverage for the Enterprise truck. Moreover, although Harrison declined to purchase Enterprise's Supplemental Liability Protection, Harrison believed that Enterprise would provide insurance for the vehicle, and did not expect his Safe Auto policy to provide coverage for the rental truck. Appellant's App. p.

93. Because section 27–8–9–9 applies only when the lessee agrees to provide insurance coverage, *see Pafco,* 587 N.E.2d at 731, we conclude that the statute is not applicable to the circumstances presented in this appeal.

■ Even if section 27–8–9–9 applied, we would not conclude that Safe Auto's policy language is unenforceable. As our courts and the Seventh Circuit Court of Appeals have noted, section 27–8–9–9 simply sets forth a rule to determine which insurance policy provides primary coverage where concurrent policies exist. Safe Auto's policy language excluding coverage for rental vehicles in certain circumstances does not run afoul of the plain language of the statute.

■ While we might be persuaded by Enterprise's public policy argument, that argument is more properly made to the General Assembly. "[T]he purpose of the Financial Responsibility Act is simply 'to assure no more than the availability of the statutory minimum amount of coverage.'" *Am. Family Ins. Co. v. Globe Am. Cas. Co.,* 774 N.E.2d 932, 939 (Ind.Ct.App. 2002) (citation omitted), *trans. denied.* Safe Auto's policy provides coverage for Harrison's vehicle and a temporary replacement vehicle in the event that his vehicle is being serviced or repaired, or has been stolen or destroyed. Moreover, insureds have a duty to read and to know the contents of their insurance policies. *See Anderson Mattress Co., Inc. v. First State Ins. Co.,* 617 N.E.2d 932, 939 (Ind.Ct.App.1993). Contrary to Enterprise's argument, there is no law in Indiana requiring insurance companies to provide coverage for vehicles leased by their insureds for any reason and in any circumstance. Finally, it is important to note that Harrison admitted that he did not expect his Safe Auto policy to provide coverage for the

Enterprise truck, yet he did not purchase Enterprise's Supplemental Liability coverage.

For all of these reasons, we conclude that the trial court erred when it granted Enterprise's motion for summary judgment. We therefore reverse the trial court's judgment and remand for proceedings consistent with this opinion.

Reversed and remanded for proceedings consistent with this opinion.

MAY, J., and VAIDIK, J., concur.