**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

May 24 2012, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN W. MITCHELL**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GLENN S. VICIAN**
**CHRISTOPHER MANHART**
Bowman, Heintz, Boscia & Vician, P.C.
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN W. MITCHELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1108-CC-366 |
| | ) | |
| AMERICAN ACCEPTANCE CO., LLC as | ) | |
| Assignee of Chase Bank USA, N.A., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Kenneth R. Scheibenberger, Judge
Cause No. 02C01-1011-CC-1077

**May 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

John W. Mitchell appeals the trial court's grant of the summary judgment motion filed by American Acceptance Company, LLC ("American") on its complaint for collection of credit card debt. He asserts that genuine issues of material fact remain precluding summary judgment. We conclude that because American met its initial burden to establish that it was entitled to judgment and Mitchell did not designate admissible evidence to the contrary, no genuine issue of material fact exists. Therefore, we affirm.

**Facts and Procedural History**

In November 2010, American, as assignee of Chase Bank USA, N.A., filed a complaint against Mitchell alleging that he owed $17,982.21 on his Chase credit card account. Appellee's App. at 1. American attached the credit card account "Cardmember Agreement" to its complaint as Exhibit A. *Id*. at 2-8. Mitchell filed his answer and affirmative defenses asserting that American's complaint failed to allege a valid assignment.

American moved for summary judgment and in support thereof designated the following: (1) its complaint and exhibit, (2) its memorandum in support of motion for summary judgment, (3) the affidavit of its office manager, Jennifer Bernard, (4) Mitchell's credit card account billing statements from May 2007 through November 2008, and (5) two assignment documents. *Id*. at 9. Bernard's affidavit stated that she was American's duly authorized representative, that Mitchell entered into a charge agreement with American's assignor, and that the business records which she received and of which she has personal knowledge show that the unpaid balance on his charge agreement was $17,982.21. *Id*. at 14.

The assignment documents consisted of two bills of sale: one in which Chase sold 31,215 accounts to Turtle Creek Assets, Ltd., and another in which Turtle Creek sold 501 of the accounts that it had purchased from Chase to American. *Id*. at 51-52.

Mitchell filed an opposing memorandum and a designation of material issues of fact precluding entry of summary judgment, in which he asserted that American failed to attach its assignment to its complaint and that neither bill of sale identified Mitchell's account number. Appellant's App. at 18-19. Mitchell did not file a verified statement contesting the veracity of American's designated evidence.

On July 21, 2011, the trial court issued its summary judgment order finding that no genuine issues of material fact existed and that American was entitled to judgment against Mitchell in the sum of $17,982.21.

### Discussion and Decision

Mitchell argues that the trial court erred in granting summary judgment to American. Our standard of review is well settled:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

3

*Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations and quotation marks omitted). "The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper." *Quezare v. Byrider Fin., Inc.*, 941 N.E.2d 510, 513 (Ind. Ct. App. 2011) (citation omitted), *trans. denied*.

Mitchell argues that a genuine issue of material fact exists because American's designated evidence does not establish that American owns his credit card account.[1] We disagree. Bernard's affidavit and the bills of sale are sufficient as a threshold matter to establish that American owns Mitchell's credit card account. The burden then shifted to Mitchell to designate contrary evidence. Mitchell did not submit any admissible evidence to counter American's evidence. Simply attacking the weight of the opposing party's evidence does not create a genuine issue of material fact. Accordingly, since American met its initial burden to establish that it was entitled to judgment and Mitchell did not designate admissible evidence to the contrary, the trial court did not err in finding that no genuine issue of material fact existed. Therefore, we affirm the trial court's grant of American's summary judgment motion.

Affirmed.

BAKER, J., and BROWN, J., concur.

---

[1] Mitchell also argues that pursuant to Indiana Trial Rule 9.2, American was required to attach the assignment instrument to its complaint. American's action against Mitchell is founded upon his credit card agreement with Chase, and therefore by attaching the cardmember agreement to its complaint American complied with Trial Rule 9.2.

4