**HERITAGE LAKE PROPERTY OWNERS ASSOCIATION, INC., et al., Appellants–Defendants,**

v.

**Kevin YORK, a Member of Heritage Lake Property Owners Association, Inc., Appellee–Plaintiff.**

No. 67A01–0607–CV–282.

Court of Appeals of Indiana.

Jan. 10, 2007.

Betty M. Conklin, William O. Harrington, P.C., Danville, IN, Attorney for Appellants.

Charles P. Gaddy, Gaddy & Gaddy, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellants-defendants Heritage Lake Property Owners Association, Inc., et al. (the Association) appeal the trial court's judgment in favor of appellee-plaintiff Kevin York, which determined that York was authorized to call for the removal of a director of the Association. In essence, the Association maintains that York was prohibited from requesting the removal of a director under its bylaws unless he could establish that there was just cause for the removal. Concluding that the trial court properly determined that York could call for the removal of the Association's directors in accordance with its bylaws and Indiana statutory law, we affirm.

### FACTS

York is a member of the Association—a nonprofit corporation that has its principal office in Putnam County. In accordance with its Articles of Incorporation (the Articles), the Association is charged with maintaining the common properties at Heritage Lake, enforcing restrictive covenants, and promoting the "pleasure, recreation and welfare of the Heritage Lake Community and its individual lot owners." Appellants' App. p. 15. The board of directors of the Association is composed of nine directors, and a majority of the directors constitutes a quorum for conducting business. York represented an ad hoc group of the Association's members who became dissatisfied with the management and affairs of the corporation.

In accordance with the Association's bylaws, a director may be removed for "just cause" by a three-fourths vote of the Board of Directors. "Just cause" includes self-dealing, conflict of interest, repeated absences from meetings, and negligence. *Id.* at 61. The bylaws also provide that "[i]f a motion to remove a director is made at a Board meeting, the motion shall not be acted upon until the next Board meeting." *Id.* Article IX Section 3 of the bylaws provides the election process for directors, and Article V Section 2 of the Articles permits a member to participate in the management of the Association "so long as" the member's participation is consistent with the Nonprofit Act, the restrictive covenants, the Articles, the bylaws, or the rules promulgated under the Articles. *Id.* at 19.

On April 7, 2006, York sent a notice to the Association requesting that he be permitted to inspect various records of the corporation including the bylaws, resolutions, minutes of all meetings for the past three years, written communications to the corporate members within the past three years, a list of the names and business or home addresses of the current directors of the corporation, the number of votes that each member was entitled to cast, and a list of the names and addresses of all members "that the Association considers to be 'not in good standing' and the reason such members are so considered." *Id.* at 67.

After the Association denied York's request, York filed a verified petition in the trial court on April 25, 2006, for the production of the Association's records. York demanded that the Association call a special meeting of the members for the purpose of voting on the removal or retention of the directors. York also requested the trial court to issue an order compelling the Association to provide a list of its members, their addresses, and the number of votes that each member was entitled to cast. York indicated that "this request is made for a proper purpose related to my

interest as a Member of the Association. I wish to communicate with other Members regarding Questions that may be posed to the Members for their consideration." *Id.* at 67.

Thereafter, on May 11, 2006, the trial court conducted an expedited hearing on York's petition. Following the hearing, the trial court ordered the Association to provide York with a list of its members, their addresses, and the number of votes that each member was entitled to cast. In its order, the trial court stated "a member has a right to call for a removal of directors by state statute and by the Heritage Lake POA's articles of incorporation." *Id.* at 6. The Association now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■■■ The parties agree as to the standard of review that we should apply in this instance, inasmuch as the articles of incorporation and bylaws of a nonprofit corporation constitute a contract between the state and the corporation, the corporation and its members, and among the members themselves. *Nat'l Bd. of Exam'rs for Osteopathic Physicians and Surgeons, Inc. v. Am. Osteopathic Assoc.*, 645 N.E.2d 608, 617 (Ind.Ct.App.1994). When construing corporate organizational documents, the general rules of contract interpretation apply. *Id.* The construction of the terms of a written contract is a question of law for the trial court and is reviewed de novo by this court. *Peoples Bank and Trust Co. v. Price*, 714 N.E.2d 712, 716 (Ind.Ct.App. 1999). When interpreting a contract, we will read the contract as a whole and give effect to all words, phrases, and terms. *Whitaker v. Brunner*, 814 N.E.2d 288, 294 (Ind.Ct.App.2005). As a result, the bylaws and articles of a corporation are to be read so as not to place them in conflict with each other. *Id.* Additionally, issues involv-

ing statutory construction are matters of law for the appellate court to decide. *Silverman v. Fifer*, 837 N.E.2d 186, 189 (Ind. Ct.App.2005). When deciding issues of statutory construction, we are neither "bound by, nor ... required to give deference to, the trial court's interpretation." *Id.*

### II. The Association's Claim

■■■ As noted above, the Association argues that the trial court erred in determining that York could call for the removal of one of its directors. In particular, the Association maintains that an interpretation of the articles of incorporation "that permits York's request cannot be harmonized with the Bylaws' singular provision for removal of a director." Appellants' Br. p. 6. In essence, the Association contends that because the bylaws provide for the removal of a director for "just cause" by a three-fourths vote of the board of directors, there is no provision for the removal of a director through any other procedure. *Id.*

In resolving this issue, we initially observe that the Association is governed by the Indiana Nonprofit Corporation Act of 1991 (the Act), which is codified at Indiana Code section 23–17–1–1 *et seq.* In accordance with the Act, a nonprofit corporation must adopt bylaws. Ind.Code § 23–17–3–8(a). Bylaws may contain any provision for regulating the affairs of the corporation that is not inconsistent with any law or the articles of incorporation. I.C. § 23–17–3–8(b). And, in accordance with the Act, "members may remove a director elected by the members with or without cause unless the articles of incorporation provide otherwise." I.C. § 23–17–12–8(a).

Additionally, Indiana Code section 23–17–3–3 enumerates provisions that Articles may contain: (3) Provisions not inconsis-

tent with any law regarding the following: ... (B) "Defining, limiting, and regulating the powers of a corporation, the corporation's board of directors, and members (or any class of members)." Finally, Indiana Code section 23–17–12–10 gives the board of directors the power to remove directors:

> If at the beginning of a director's term on the board of directors articles of incorporation or bylaws provide that the director may be removed for reasons set forth in the articles of incorporation or bylaws, the board of directors may remove the director for the reasons. The director may be removed only if a majority of the directors then in office votes for the removal.

In light of the above—and contrary to the Association's arguments—there has been no showing that the Association's bylaws replace or remove the power granted to its members. Rather, the bylaws grant such additional power to the directors as authorized by Indiana Code section 23–17–12–10. Put another way, because this provision exists only in a corporation's bylaws—and not in the Articles—such a provision cannot be construed as replacing or limiting the statutory power of the members to remove a corporation's directors. Specifically, Indiana Code section 23–17–3–8(b) requires such provisions to be "not inconsistent with law" under Indiana Code section 23–17–12–8(a) quoted above. In essence, while the Association maintains that the bylaws only refer to a director's removal for "just cause," that argument ignores the specific provisions of Indiana Code section 23–17–12–8(a) that specifically permits members to remove directors elected by the members "with or without cause." To be sure, any provision to limit the power of members to remove directors elected by the members must be contained in the Articles as set forth in Indiana Code section 23–17–12–8(a). Hence, we reject the Association's contention that York could not call for the removal of a director absent an allegation of just cause for that removal. As a result, we conclude that the trial court properly determined that York was authorized to call for the removal of a director of the Association.

The judgment of the trial court is affirmed.

DARDEN, J., and ROBB, J., concur.