**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BRYON J. BERRY**
Warsaw, Indiana

ATTORNEY FOR APPELLEE:

**BRIAN P. O'MEARA**
McGuire Woods LLP
Chicago, Illinois



FILED

Feb 29 2012, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK YODER and BARBARA YODER, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 43A05-1103-CC-128 |
| | ) | |
| CAPITAL ONE BANK, (USA), N.A., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable James C. Jarrette, Judge
Cause No. 43D02-1002-CC-39

**February 29, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellants-defendants Mark Yoder and Barbara Yoder (collectively, the Yoders) appeal the trial court's grant of summary judgment in favor of appellee-plaintiff Capital One Bank, (USA), N.A. (Capital One). Essentially, the Yoders argue that the trial court erred by applying Indiana's statute of limitations because their contract with Capital One provided that Virginia law governed the contract and, consequently, Virginia's three-year statute of limitations applies and has barred Capital One's claim. Finding no error, we affirm.

FACTS

On February 4, 2010, Capital One filed suit against the Yoders in Indiana, seeking a judgment for $10,839 based on a credit card balance accumulated by the Yoders and pursuant to their credit card agreement with Capital One (the Agreement). The complaint also sought unpaid fees and finance charges of $3,045.49, attorney fees of $125, and costs and post-judgment interest.

On July 2, 2010, Capital One filed a motion for summary judgment that included an affidavit establishing the balance due on the Yoders' account. On August 24, 2010, the Yoders filed their response, asserting that "[w]ith the application of the laws of the Commonwealth of Virginia, a strict statute of limitations of three years upon suits involving open account exists." Appellant's App. p. 25. The Yoders based their assertion on the following provision of the Agreement:

> This Agreement is to be construed in accordance with and governed by the laws of the United States of America and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule

2

that would cause the application of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights and duties of the parties.

Appellant's App. p. 3. According to the Yoders, the three-year statute of limitations had already passed, inasmuch as the last bill they received on their account was dated November 6, 2006.

On January 10, 2011, the trial court granted Capital One's motion for summary judgment. On February 9, 2011, the Yoders filed a motion to correct error, raising the same statute of limitations argument that they asserted in response to Capital One's motion for summary judgment. The trial court denied the Yoders' motion on February 24, 2011. The Yoders now appeal.

## DISCUSSION AND DECISION

The Yoders appeal the trial court's grant of summary judgment in favor Capital One. When reviewing a grant of summary judgment, an appellate court employs the same standard of review as the trial court. Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269 (Ind. 2009). A reviewing court must consider "only those facts that the parties designated to the trial court," and determine whether there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. Id. at 1269-70. Additionally, we must construe all factual inferences in favor of the nonmoving party, and all doubts as to the existence of a material issue must be resolved against the moving party. Scribner v. Gibbs, 953 N.E.2d 475, 479 (Ind. Ct. App. 2011).

3

The essential issue on appeal is whether to apply the statute of limitations of Virginia or Indiana to Capital One's claims. A panel of this Court addressed this issue in Smither v. Asset Acceptance, LLC, 919 N.E.2d 1153 (Ind. Ct. App. 2010). In Smither, Asset Acceptance filed a complaint against Smither seeking damages in the amount of an unpaid credit card balance and interest. Id. at 1155. Smither argued that New Hampshire's three-year statute of limitations applied to the claim because the credit card agreement specified that it was governed by federal law and by New Hampshire law. Id. at 1157.

A panel of this court noted that "[i]t is well-settled . . . that contractual choice of law provisions govern only the substantive law of any claims arising out of the contract; the law of the forum state where the suit is filed still governs procedure." Id. at 1157-58. The panel emphasized that a "statute of limitation is a procedural constraint on when suit may be filed," and concluded that Indiana provided the appropriate statute of limitations. Id. at 1158.

Likewise, in this case, although the Agreement stated that it was "governed by the laws of the United States of America and by the internal laws of the Commonwealth of Virginia," appellant's app. p. 3, that provision governs only the substantive law of any claims arising out of the contract. Because we have determined that a statute of limitation is a procedural constraint, the trial court did not err by applying Indiana's statute of limitations and granting summary judgment in favor of Capital One.

4

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.