Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 28 2012, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**WILLIAM HOLLY**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM HOLLY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 52A04-1109-MI-492 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Robert A. Spahr, Judge
Cause No. 52C01-1106-MI-240

**December 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

William Holly, pro se, appeals the trial court's grant of summary judgment in favor of the State of Indiana. Holly argues that the trial court erred in granting summary judgment because the State's response to his petition for writ of habeas corpus was untimely, his sentences for attempted murder, rape, and robbery are void, and the State violated the Interstate Agreement on Detainers ("IAD"). Finding Holly's contentions to be without merit, we affirm.

**Facts and Procedural History**

In the early 1990's, Holly was serving a federal sentence in Pennsylvania when he was brought to Indiana to face charges of attempted murder, rape, and robbery. In 1994, Holly was convicted and sentenced to fifty years for attempted murder, twenty years for rape, and eight years for robbery—to run consecutively, for a total term of seventy-eight years.

Holly was required to complete his federal sentence in Pennsylvania before serving his state sentence in Indiana. Holly was returned to Pennsylvania by a private prisoner-transportation company, TransCor America. On the way back to Pennsylvania, Holly was briefly housed in correctional facilities in Michigan and Ohio. Although Holly was returned to Pennsylvania to serve the remainder of his federal sentence, his state sentence began running while he did so. After his federal sentence was complete, in June or July 1995, Holly was returned to Indiana and incarcerated in the Wabash Valley Correctional Facility with an earliest possible release date of 2036.

In June 2011, Holly filed a pro se petition for a writ of habeas corpus, alleging that his state sentences were void. On July 7, 2011, the trial court issued an order to the Attorney General's office to respond within thirty days. On August 8, 2011, the State of Indiana filed a motion for summary judgment and a supporting memorandum.

At a hearing that followed, Holly argued that the trial court should not consider the State's motion because it was not timely filed. The State argued that its response was timely filed by certified mail on August 8 and provided the thirty-day calculation for the court: "[Our response was due to be filed] [thirty] days from July 7, which there are [thirty-one] days in July, so, it would have been [August] 6, which is also a Saturday, so our response would have been due on Monday, August 8." Tr. p. 3. The trial court acknowledged that the State's calculation was "exactly correct." *Id*. at 4. Holly also argued that his state sentences were void because they had run concurrent to the remainder of his federal sentence, and the State had failed to comply with the IAD by failing to return him to Pennsylvania immediately.

One week later, the trial court granted the State's motion with findings and conclusions. In pertinent part, the trial court found:

> 8. Holly asserts that his Indiana sentences are void because he is not serving those sentences consecutively to his federal sentence.
>
> 9. Even if Holly is correct that his sentences should be served consecutively, the proper remedy is not release from custody.
>
> 10. The proper remedy would be for the sentencing court to modify the judgment of conviction to change the running of his criminal sentences.
>
> 11. Holly also claims that the State of Indiana lost jurisdiction over his case because he was not immediately returned to the custody of the sending state in violation of the [IAD].

3

12. The [IAD] is codified at Indiana Code [section] 35-33-10-4.

13. In Article 5 of the IAD, there is a provision stating "at the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state." Ind. Code § 35-33-10-4, Article 5(e).

14. There is no provision in Indiana Code [section] 35-33-10-4 that states that a prisoner must be returned to the sending state immediately.

Appellee's App. p. 25-26. The trial court concluded that the State had not violated the IAD. Holly filed a motion to correct error, which was denied.

Holly now appeals.

**Discussion and Decision**

Holly contends that the trial court erred by granting the State's summary-judgment motion. He argues that the State's response to his petition for writ of habeas corpus was untimely, his sentences for attempted murder, rape, and robbery are void, and the State violated the IAD.

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

4

As an initial matter, we note that Holly has largely failed to comply with the rules of appellate procedure.[1]  We acknowledge that Holly appeals pro se, but stress that we hold pro se litigants to the same standard as trained attorneys.  Nonetheless, because we prefer to decide cases on their merits, we address Holly's claims.

### I.  Timeliness of the State's Response

In its July 7, 2011 order, the trial court ordered the Attorney General's office to respond to Holly's petition for writ of habeas corpus within thirty days.  Holly argues that the State's response was due by August 6, 2011, and was therefore untimely filed on August 8.  Holly is incorrect.

The State filed its response by certified mail, which is permitted by our trial rules. *See* Ind. Trial Rule 5(F)(3) (filing may occur by "mailing to the clerk by registered, certified or express mail return receipt requested.").  Filings by certified mail are considered complete upon the date of mailing—in this case, August 8.  *See* Ind. Trial Rule (5)(F)(4) ("filing by registered or certified mail . . . shall be complete upon mailing or deposit.").  Indiana Trial Rule 6(A) explains how the thirty-day period is to be calculated:

> [i]n computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is: [ ] a Saturday, [ ] a Sunday, [ ] a legal holiday as defined by state statute, or [ ] a day the office in which the act is to be done is closed during regular business hours. In any event, the period runs until the end of the next day

---

[1] In Holly's "Statement of the Facts," he fails to support the facts with page references to the record and fails to set forth the applicable standard of review.  *See* Ind. Appellate Rule 46(A)(6)(a), (b).  Holly has also failed to provide an appendix as required by Indiana Appellate Rule 49(A).  We therefore rely on the appendix provided by the State.

that is not a Saturday, Sunday, a legal holiday, or a day on which the office is closed.

According to Trial Rule 6(A), the day the trial court ordered the State to respond is not considered, so the thirty-day period began on July 8, 2011. And because thirty days from that date was a Saturday, the thirty-day period continued to run until Monday, August 8, 2011. The State's response was timely filed by certified mail on that day.[2]

## II. Sentence

The basis for Holly's petition was the fact that he served the remainder of his federal sentence concurrently with his state sentences. Holly claims that this concurrent running of sentences was improper, his state sentences are consequently void, and he should be released from custody. We disagree.

Holly cites no authority for the proposition that the concurrent running of his federal and state sentences was improper. However, even assuming, as the trial court did, that Holly is correct, the appropriate remedy would not be to release Holly from the DOC, where he is currently serving a seventy-eight-year sentence. Rather, "the proper remedy would be for the sentencing court to modify the judgment of conviction to change the running of his criminal sentences." Appellee's App. p. 25. The trial court did not err in granting the State's summary-judgment motion.

## III. Interstate Agreement on Detainers

Holly also argues that the State lost jurisdiction over him by failing to comply with certain provisions of the IAD. Specifically, Holly claims that after being convicted in Allen County in 1994, he was to be immediately returned to the federal penitentiary in

---

[2] Our resolution of this issue renders Holly's related fundamental-error claims moot.

Pennsylvania, but instead made multiple stops and was housed in correctional facilities in Michigan and Ohio along the way.

The IAD is codified at Indiana Code section 35-33-10-4. Article 5(e) of the IAD provides that, "at the earliest *practicable* time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state." Ind. Code § 35-33-10-4 (emphasis added). The IAD does not require an immediate return to the sending state, as Holly claims. Nor has Holly shown that his return to Pennsylvania was not practicable or otherwise contrary to the purpose of the IAD. The trial court did not err in denying Holly relief on this basis.

Affirmed.

BAILEY, J., and BROWN, J., concur.