# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JON R. PACTOR**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**CHRISTINE A. DESANCTIS**
Lafayette, Indiana

FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAMES E. CHALFANT, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | ) No. 79A02-1212-CT-986 |
| | ) |
| LANA LODS, | ) |
| | ) |
| Appellee-Defendant. | ) |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1008-CT-32

**August 13, 2013**

**OPINION - FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

James E. Chalfant appeals the trial court's grant of summary judgment in favor of Lana Lods upon his complaint for malicious prosecution. We reverse and remand.

## ISSUE

Chalfant raises two issues, one of which we find dispositive and restate as: whether the trial court erred in granting summary judgment to Lods.[1]

## FACTS AND PROCEDURAL HISTORY

Pursuant to our standard of review, the facts most favorable to Chalfant are as follows. Chalfant and Lods married in 2000, and two children were born during the marriage. Lods filed for divorce in June 2007, and she had possession of the marital home during the divorce. Chalfant and Lods disagreed on custody arrangements for the children. Both parties agreed to joint legal custody, but Lods wanted sole physical custody, subject to visitation by Chalfant. By contrast, Chalfant wanted joint physical custody with Lods.

On August 14, 2007, Chalfant, Lods, and the children spent the day undergoing a custody assessment in Brown County. The parties agreed that Chalfant would drive the children back to Lods's home while Lods drove home separately. Lods told Chalfant not to buy any toys because one of the children had misbehaved that day. Despite her request, he bought toys for the children on the way back to Lods's home.

---

[1] Chalfant also claims that the trial court erred by denying his requests to strike portions of affidavits Lods designated in support of her motion for summary judgment. It is unnecessary to address this claim due to the manner in which we resolve this appeal.

When Chalfant brought the children to Lods's home, the children went inside. Lods learned from them that Chalfant had bought toys. She became upset and approached his car. Lods "verbally attacked" Chalfant. Appellant's App. p. 70. Next, she reached into his car, grabbed a file of papers, and threw the papers into the driveway. As Chalfant picked up the papers, Lods kicked him. Chalfant "defended himself" without striking, kicking, or choking her, until she calmed down. *Id.* Chalfant did not see any sign of injury on Lods, and he left. Later, a friend of Lods went to the residence with pizza. Lods told her friend about the incident with Chalfant. They searched her driveway and found an earring.

On the next morning, August 15, Chalfant returned to the marital home because one of the children was preparing to leave for the first day of kindergarten. Chalfant had previously informed Lods he wanted to be present, and she did not direct him to stay away. Chalfant took photographs of their child and left. Lods and Chalfant did not quarrel, and he saw no signs of injury on Lods.

After Chalfant left, Lods called the police to report that Chalfant had battered her on the previous day. She also requested a protective order.[2] A police officer interviewed Lods. Lods told the officer that on August 14, she and Chalfant had a verbal altercation at the residence regarding whether she would grant him "50% child visitation rights." *Id.* at 33. Lods further stated that when she refused to sign a settlement agreement, Chalfant grabbed her by the neck, lifted her off the ground, and said he would "f*****g kill her" if

---

[2] Although the trial court's judgment states that Lods obtained a protective order, the record on appeal does not reflect whether that actually occurred.

she did not sign the papers. *Id.* In addition, she told the officer that her neck hurt and her lip bled as a result of Chalfant's attack, but the officer did not note in the report that he independently observed any injuries.

Also on August 15, custody evaluator Theresa Slayton interviewed Lods. Slayton observed that Lods had a cut lip and a bruise on her right temple. Lods told Slayton that on the previous day, August 14, she became angry at Chalfant over the toys, threw his file of papers onto the driveway, and kicked him. Next, Lods told Slayton that Chalfant choked her, said that he wanted to kill her, and pulled her earrings out of her ears.

On August 17, a detective spoke with Lods about her prior police interview. She reviewed and corrected the initial police report at that time, stating that Chalfant had shouted "I want to f*****g kill you for not signing" as he choked her. *Id.*

On August 20, Lods called Chalfant to ask him to come to her home. At her request, he moved furniture around inside the house to minimize flood damage from a storm. No disputes occurred.

On August 28, the State charged Chalfant with strangulation, a Class D felony, intimidation, a Class D felony, and two counts of domestic battery, one as a Class D felony and one as a Class A misdemeanor. The charges were based upon the officers' interviews with Lods. The case was tried to a jury in June 2008, and Lods testified for the State. The jury determined that Chalfant was not guilty of any of the charges.

The current case began when Chalfant sued Lods, alleging malicious prosecution. Lods filed a motion for summary judgment. Chalfant filed a response and also asked the court to strike portions of affidavits that Lods had designated in support of her motion.

4

After oral argument, the court granted Lods's motion, determining that Chalfant had failed to establish a dispute of material fact as to whether the criminal case against him was unsupported by probable cause. The court did not rule upon Chalfant's requests to strike. This appeal followed.

DISCUSSION AND DECISION

Chalfant argues that the trial court should not have granted summary judgment to Lods because he established a dispute of material fact regarding the lack of probable cause for criminal charges.

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269-70 (Ind. 2009). All facts established by the designated evidence and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007). We therefore do not resolve issues of fact on appeal; rather, we determine if the designated materials establish that there are issues of material fact.

The essence of malicious prosecution rests on the notion that the plaintiff has been improperly subjected to legal process. *Ziobron v. Crawford*, 667 N.E.2d 202, 208 (Ind. 1996), *trans. denied*. A plaintiff must prove the following four elements: (1) the defendant instituted or caused to be instituted a prosecution against the plaintiff; (2) the defendant acted with malice in doing so; (3) the prosecution was instituted without

5

probable cause; and (4) the prosecution was terminated in the plaintiff's favor. *Waldrip v. Waldrip*, 976 N.E.2d 102, 116-17 (Ind. Ct. App. 2012).

The determination of probable cause is normally an issue of fact for the jury's determination. *Exec. Builders, Inc. v. Trisler*, 741 N.E.2d 351, 357 (Ind. Ct. App. 2000), *trans. denied*. A judicial determination of probable cause in a criminal proceeding constitutes prima facie evidence of probable cause in a subsequent suit for malicious prosecution. *Lazarus Dep't Store v. Sutherlin*, 544 N.E.2d 513, 520 (Ind. Ct. App. 1989), *trans. denied*. However, evidence of the judicial determination may be rebutted by evidence that shows the finding of probable cause was induced by false testimony, fraud, or other improper means such as the withholding of material facts. *Kroger Food Stores, Inc. v. Clark*, 598 N.E.2d 1084, 1089 (Ind. Ct. App. 1992), *trans. denied*.

Here, the parties agree that the court in Chalfant's criminal case determined that probable cause existed for the charges against Chalfant. Thus, the key question is whether Chalfant provided evidence in this case to rebut the prima facie evidence of probable cause and to identify a dispute of material fact. We determine that he did. In response to Lods's motion for summary judgment, Chalfant designated a detailed affidavit asserting that on August 14, Lods physically attacked him, and he merely defended himself without striking, kicking, or choking her. Considering the facts most favorable to Chalfant, as we must at this stage of the case, then this evidence shows that Lods presented a false version of events to the police.

In addition, Chalfant took Lods's deposition during the criminal case. During her deposition, Lods admitted that after learning that Chalfant had bought toys for the

6

children, she approached Chalfant's car, removed a file of papers, and threw the papers onto the driveway. Lods had also told Slayton on August 15 that she had thrown Chalfant's papers on the driveway and kicked him. Lods did not share this information with the police during her interviews. She also did not tell the officers that Chalfant went to the marital home on the morning of August 15 to send their child off to kindergarten, and that no conflicts arose during that visit. Thus, Lods withheld material information from the police that was relevant to a determination of probable cause and inconsistent with the version of events she provided the police.

Furthermore, after Lods called the police and requested a protective order, but before the State charged Chalfant with the offenses, she asked Chalfant to come to her home to move furniture around. No disputes occurred. Viewing the facts and all inferences drawn therefrom in the light most favorable to Chalfant, this evidence tends to indicate that the events of August 14 did not occur as Lods described them to the officers, because it is reasonable to infer that she would not have invited him to her house if she had been attacked by him and was frightened enough to seek a protective order.

Lods's statements to the officers were the sole basis for the charges against Chalfant. However, Chalfant's designated evidence shows that she made false statements to the officers and omitted material facts. Chalfant has therefore rebutted the presumption that arose from the prior judicial finding of probable cause and has established a dispute of material fact as to the lack of probable cause. *See Kroger*, 598 N.E.2d at 1090 (holding that the plaintiff, claiming malicious prosecution, rebutted a determination of probable cause in a prior criminal case by establishing that the probable

7

cause affidavit in the criminal case was based on a "blatant misrepresentation" and a lack of corroborating circumstances).

Lods argues that the "exact nature" of the altercation between her and Chalfant is not a material fact. Appellee's Br. p. 8. She further argues that Chalfant's claim of self-defense does not establish a dispute of material fact because she believes the mere fact that "there was an argument and a physical altercation," regardless of who was at fault, established probable cause for criminal charges. *Id.* at 9. We cannot agree. If the version of events that Lods shared with the police is correct, Chalfant may well have committed crimes. If Chalfant's version of events is correct, then he did not commit any crimes but rather passively defended himself from Lods's physical attacks upon him. This is a significant point of factual disagreement, and Chalfant's designated evidence shows that Lods made false statements to the police and omissions of material fact sufficient to rebut the judicial determination of probable cause in Chalfant's criminal case.

Lods also argues that we should not consider her deposition because: (1) the State subsequently amended the charging information to correct inaccuracies revealed in the deposition; and (2) Chalfant could have moved to dismiss the criminal case for lack of probable cause after the deposition but did not do so. We disagree. Chalfant designated Lods's deposition in response to Lods's motion for summary judgment. Lods did not object to the designation of the deposition or seek to strike it. Thus, the deposition was part of the record presented to the trial court, and we may also consider it on appeal.

8

We express no opinion on the merits of Chalfant's complaint. The trial court stated that its ruling was based, in part, on "Indiana's public policy which encourages victims of domestic violence to seek orders of protection," Appellant's App. pp. 14-15, and we share the trial court's interest in furthering that policy. Nevertheless, another public policy is also at issue here, specifically ensuring that people submit truthful complaints to law enforcement. Under the circumstances of this case, Lods is not entitled to summary judgment because there are disputes of material fact as to Chalfant's claim. The parties' dispute must be submitted to a trier of fact for resolution.

## CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings.

Reversed and remanded.

VAIDIK, J., and CRONE, J., concur.