Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 17 2014, 8:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MARK KEATON**
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**JAMES P. POSEY**
Beers Mallers Backs & Salin, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK KEATON, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1404-PL-155 |
| | ) | |
| DOUGLAS GOEGLEIN, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Nancy Eshcoff Boyer, Judge
Cause No. 02D01-1205-PL-167

**September 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Mark Keaton appeals from the trial court's order granting summary judgment in favor of Douglas Goeglein, Keaton's probation officer, and denying Keaton's motion for partial summary judgment, in Keaton's 42 U.S.C. Section 1983 action against Goeglein alleging a deprivation of Keaton's right to be free from unlawful arrest without probable cause as guaranteed by the United States Constitution. Concluding that there are no genuine issues of material fact precluding the entry of summary judgment in favor of Goeglein as a matter of law, we affirm.

Keaton, who had pleaded guilty to one count of operating a vehicle with a blood alcohol content of .08%-.14%, a Class C misdemeanor, was sentenced to serve sixty days in jail, suspended, was ordered to pay a fine and costs, and was placed on probation with the Allen Superior Court's Criminal Division Services (CDS) for a period of one year beginning on September 9, 2009 through and including September 8, 2010. Keaton signed the admission documents with CDS on September 15, 2009, and Brenda Reed became Keaton's probation officer. On January 31, 2010, Goeglein, who had been employed by the CDS as a probation officer/case manager since September 16, 2009, became Keaton's probation officer. The CDS rules Keaton executed, which governed the terms of his probation, included the following provision:

> I understand that I am to commit no new offenses during my probation period. I further understand that if I commit any new offense, I may be in violation of the rules of my probation.
>
> . . . .
>
> I understand that if these rules of probation are violated, I may be sanctioned or revoked from probation and the Court may issue a warrant for my arrest. If I am revoked from probation, the original sentence imposed upon me may

2

be reinstated. I acknowledge that I have received a copy of and understand these probation rules as well as my Individual Service Contract.

Appellant's App. at 54.

On May 11, 2010, in Monroe County, during Keaton's probation period, the State filed an information against Keaton, alleging one count of stalking as a Class D felony, and the charge was supported by a probable cause affidavit. The information was approved by a circuit court judge in Monroe County who found probable cause to issue an arrest warrant on that charge. Keaton surrendered himself after learning of the charge and posted a surety bond on the same day. Keaton telephoned Goeglein to inform him of the new charge filed in Monroe County. During this conversation, Keaton made statements challenging the validity of the Monroe County charge and provided his version of the events. Goeglein told Keaton that he would have to gather more information about the new charge and act accordingly.

On May 18, 2010, Goeglein received a three-page facsimile from the Monroe County Court Administrator's Office, which included a copy of the felony stalking charge and the probable cause affidavit. The charge and the probable cause affidavit alleged that Keaton had committed the offense between August of 2009 and April of 2010.

The standard practice of the Allen Superior Court was to have the CDS probation officers file a petition to revoke the probation of an individual being supervised on probation when a court found probable cause that the probationer committed a felony criminal offense during the period of probation with CDS. The probation officer was not required to conduct any further investigation after receiving information that a court had

made the probable cause determination. Based upon the Monroe Circuit Court's finding of probable cause that Keaton had committed a felony offense, and that the offense was alleged to have been committed while Keaton was on probation in Allen County, Goeglein filed a petition to revoke Keaton's probation, noting that CDS would not readmit Keaton due to the new charge, and requesting only that Keaton be brought before the trial court for a hearing on the petition. The trial court signed the form order portion of the petition, finding that probable cause existed for a notice/warrant to be issued for Keaton to appear before the court in Allen County. An arrest warrant was issued to which Keaton surrendered on May 26, 2010.

On February 4, 2011, Keaton filed a motion to dismiss the probation revocation petition, which was denied by the trial court. On April 21, 2011, the State voluntarily dismissed the stalking charge against Keaton in Monroe County. A hearing was held on the probation revocation petition on July 15, 2011, at which time the State moved to dismiss the petition. The trial court granted the State's motion, dismissed the petition, and ordered Keaton released from probation.

On May 25, 2012, Keaton filed a complaint against Goeglein seeking damages pursuant to 42 U.S.C. Section 1983, alleging that Goeglein had violated Keaton's right to be free from unlawful arrest by filing the petition to revoke Keaton's probation. Keaton filed a motion for partial summary judgment on the issue of liability on January 27, 2013, which was denied by the trial court. On January 7, 2014, Goeglein filed his motion for summary judgment on all claims against him, which was granted by the trial court. Keaton now appeals.

4

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269-70 (Ind. 2009). All facts established by the designated evidence and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007). The fact that the parties filed cross-motions for summary judgment does not alter our standard of review. *Nasser v. St. Vincent Hosp. & Health Servs.*, 926 N.E.2d 43, 47 (Ind. Ct. App. 2010), *trans. denied*. We consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id*. "In the summary judgment context, the entry of specific facts and conclusions aids our review by providing us with a statement of reasons for the trial court's decision, but it has no other effect." *City of New Albany v. Cotner*, 919 N.E.2d 125, 131 (Ind. Ct. App. 2009), *trans. denied*.

"Summary judgment may not be used as a procedural device to avoid a trial on claims that are perceived to be weak." *Pedraza v. City of East Chicago*, 746 N.E.2d 94, 99 (Ind. Ct. App. 2001). "On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with the presumption of validity." *Id*. "The party appealing from an order granting a motion for summary judgment has the burden of persuading the appellate tribunal that the decision to issue the order granting summary judgment was erroneous." *Id*.

A claim for relief under 42 U.S.C. Section 1983 "need allege only that some person

5

acting under color of state law has deprived the claimant of a federal right." *Matter of Tina T.*, 579 N.E.2d 48, 62 (Ind. 1991). "To establish a government employee's liability under Section 1983, a plaintiff must prove: (1) the existence of a constitutionally-protected right; (2) that he or she was deprived of that right; (3) that the defendant intentionally caused the deprivation; and (4) that the defendant acted under the color of state law." *Rowe v. Lemmon*, 976 N.E.2d 129, 134 (Ind. Ct. App. 2012).

Keaton does not allege that Goeglein acted improperly by filing the petition to revoke his probation based upon the Monroe County stalking charge, nor does he allege that the facts contained within the petition were false. Instead, he argues that Goeglein acted recklessly and unreasonably by failing to include information provided by Keaton in the petition as well. Further, Keaton argues that by filing the petition to revoke Keaton's probation, Goeglein was implicitly requesting the issuance of an arrest warrant without probable cause to believe that an offense had been committed. Keaton contends that Goeglein's actions were reckless and unreasonable because he filed the petition knowing that Keaton had an alternative version of the events leading to the charge and because both versions, Keaton's and the one contained in the Monroe County probable cause affidavit, were not presented to the Allen County court.

Although *Rowe* clearly states that a plaintiff must show an "intentional" deprivation of a constitutionally protected right, Keaton argues that the trial court erred by failing to find that Goeglein's conduct was objectively unreasonable after using that analysis. Here, however, the trial court's findings unmistakably recognize the appropriate standard requiring a showing of an intentional deprivation, yet also find Goeglein's conduct was

6

objectively reasonable.

There was no designated evidence presented to the trial court to establish an intentional deprivation of Keaton's right to be free from arrest without probable cause. Keaton provided no evidence that Goeglein intentionally sought his arrest. The only intentional conduct Keaton could identify was Goeglein's filing of the petition to revoke Keaton's probation, in which Goeglein made no recommendation or request for Keaton's arrest, and which was filed in accordance with Allen County CDS policy. Consistent with Goeglein's duties as a probation officer, the petition he filed informed the Allen County court of the new felony charge filed against Keaton in Monroe County. Goeglein had no duty beyond determining whether an additional charge had been filed against Keaton during his period of probation.

In a different context the United States Court of Appeals for the Seventh Circuit has held that "[t]he existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest or false imprisonment." *Abbott v. Sangamon Cnty, Ill.*, 705 F.3d 706, 713-14 (7th Cir. 2013). The court further stated that "[y]et, although it requires something more than a hunch, probable cause does not require a finding that it was more likely than not that the arrestee was engaged in criminal activity-the officer's belief that the arrestee was committing a crime need only be reasonable." *Id.* at 714. Here, Goeglein did not intentionally request the arrest of Keaton in the absence of probable cause. Rather, Goeglein reasonably relied upon the probable cause determination made by the Monroe County trial court when filing the petition to revoke Keaton's probation in Allen County. The Allen County Court had the choice to summons Keaton to

7

the hearing or to issue a warrant for his arrest and require him to appear before the court. The Allen County trial court correctly found in Keaton's civil action that there was no genuine issue of material fact and entered summary judgment in favor of Goeglein on that basis.

Keaton was free to present his version of the events refuting the Monroe County charge at the hearing on the petition to revoke his probation. Instead, the State dismissed the Monroe County charge, and the State subsequently dismissed the probation revocation petition based on the Monroe County charge in Allen County. Keaton has not met his burden of showing that the Allen County trial court erred by denying his motion for partial summary judgment on the basis of liability or by granting Goeglein's motion for summary judgment.

In light of the foregoing, we affirm the trial court's judgment.

Affirmed.

KIRSCH, J., and BARNES, J., concur.