## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 14 2015, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

Boris Mudd
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

J. Spencer Feighner
Haller & Colvin, P.C.
Fort Wayne, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Boris Mudd,

*Appellant-Plaintiff,*

v.

Jason Johnson,

*Appellee-Defendant.*

April 14, 2015

Court of Appeals Case No.
02A05-1410-CT-470

Appeal from the Allen Superior Court.
The Honorable Stanley A. Levine, Judge.
Cause No. 02D01-1307-CT-296

**Sharpnack, Senior Judge**

## Statement of the Case

[1] Boris Mudd appeals from the trial court's grant of summary judgment to Jason Johnson. We affirm.

# Issue

Mudd raises two issues, which we consolidate and restate as: whether the trial court erred in granting summary judgment to Johnson.

# Facts and Procedural History

On March 12, 2011, the State charged Mudd with operating a vehicle while intoxicated with a prior conviction, a Class D felony, and possession of marijuana, a Class D felony. On March 17, 2011, Allen Circuit Court Judge Thomas Felts issued an order releasing Mudd on personal recognizance, subject to specific conditions. Among other conditions, Judge Felts ordered Mudd to report to the Allen County Adult Probation Department (the Department), abide by the Department's policies for attending meetings with probation officers, refrain from the use of alcohol or illegal drugs, submit to and pass chemical tests as required by the Department, and comply with the Department's alcohol abuse deterrent program.

Mudd signed an acknowledgement clause at the bottom of Judge Felts' order, indicating that he understood the terms of his conditional pretrial release and would comply with them. The acknowledgement clause specifically stated that Mudd understood he was required to comply with the requirements of the Department's alcohol abuse deterrent program.

Allen County Community Corrections (Community Corrections) monitored Mudd's participation in the alcohol abuse deterrent program. Johnson, who was a probation officer, received notices from Community Corrections

indicating that Mudd had violated the requirements of the program. On August 3, 2011, Johnson filed with the circuit court a notice of violation of conditional release and a motion for revocation of conditional release. Johnson's notice was based solely on the documents he had received from Community Corrections.

[6] The circuit court revoked Mudd's conditional release and directed the trial court clerk to issue a warrant for Mudd's arrest. Mudd was arrested and incarcerated. At a subsequent hearing, Mudd "stipulate[d] and admit[ted] the allegations" set forth in Johnson's notice of violation. Appellee's App. p. 6. The circuit court ordered Mudd released from custody and directed him to comply with the terms of his pretrial release.

[7] Next, Johnson received additional notices from Community Corrections indicating that Mudd had again violated the program's requirements. On December 15, 2011, Johnson filed with the circuit court a second notice of violation of conditional release and a motion for revocation of conditional release. Johnson's notice was once again based solely on the documents he had received from Community Corrections.

[8] The circuit court revoked Mudd's conditional release and directed the trial court clerk to issue a warrant for Mudd's arrest. It appears that Mudd remained incarcerated for the remainder of the case.

[9] On February 28, 2012, a jury determined that Mudd was not guilty of operating a vehicle while intoxicated with a prior conviction. The State dismissed the charge of possession of marijuana, ending the criminal case.

[10] On July 9, 2013, Mudd began the current case by filing a civil complaint with the Allen Superior Court. Mudd named Community Corrections, Allen County Sheriff Ken Fries, Judge Felts, the Department, and Johnson as defendants. Mudd cited 42 United States Code section 1983, and he claimed the defendants violated his right to due process under the Fourteenth Amendment to the United States Constitution and his right to be free from unlawful seizures under the Fourth Amendment to the United States Constitution.

[11] Judge Felts, Community Corrections, and the Department filed motions to dismiss. After a hearing, the trial court granted the motions and dismissed those defendants with prejudice.

[12] Next, Mudd filed a motion for judgment on the pleadings, and Sheriff Fries and Johnson filed a motion for summary judgment. On August 11, 2014, the trial court granted summary judgment in favor of Sheriff Fries but took the remaining motions under advisement. On September 5, 2014, the court issued an order granting summary judgment to Johnson and denying Mudd's motion for judgment on the pleadings. This appeal followed.

# Discussion and Decision

[13] Mudd first claims that the circuit court in his criminal case lacked subject matter jurisdiction to require him to participate in the alcohol abuse deterrent program. This claim is barred by the doctrine of issue preclusion, also known as collateral estoppel. Issue preclusion bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013), *trans. denied*. In determining whether issue preclusion is applicable, a court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue and (2) whether it is otherwise unfair to apply issue preclusion given the facts of the particular case. *Id.*

[14] Here, Mudd's participation in the alcohol abuse deterrent program and his compliance with its requirements were litigated in his criminal case, and Mudd had a full and fair opportunity to contest the trial court's pretrial release order and subsequent orders determining that he had violated the terms of his release. Furthermore, it would not be unfair to apply issue preclusion here because Mudd agreed to the terms of his conditional pretrial release and conceded during a hearing that he had violated the terms of his release. For these reasons, we decline to consider the question of whether the circuit court erred by requiring Mudd to participate in the alcohol abuse deterrent program. *See id.* at 697 (holding that the transfer of ownership of an asset was explicitly decided in a prior case and would not be addressed).

Next, Mudd appears to raise a claim against Sheriff Fries in addition to Johnson. In his Notice of Appeal, Mudd referenced only the trial court's order granting summary judgment to Johnson. Furthermore, his arguments on appeal, to the extent that they apply to Sheriff Fries, lack cogency. For that reason, he has waived for appellate review any challenge to the trial court's grant of summary judgment to Sheriff Fries.[1] *See Reed v. Reid*, 980 N.E.2d 277, 297 (Ind. 2012) (issue waived for failure to present developed arguments). We limit our review to the trial court's grant of summary judgment to Johnson.

When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). Considering only those facts that the parties designated to the trial court, we must determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. *Id.* at 1269-70. We construe all factual inferences in the nonmoving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *Id.* at 1270. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the nonmoving

---

[1] Johnson argues that Mudd has defaulted his claim against Sheriff Fries because he did not timely seek appellate review of the trial court's grant of summary judgment to Sheriff Fries. It is unnecessary for us to address this argument.

party to designate and produce evidence of facts showing the existence of a genuine issue of material fact. *Id.*

[17] 42 United States Code section 1983, the statute that is the basis for Mudd's lawsuit, provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[18] Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). In this case, Mudd claims through Section 1983 that Johnson violated his Fourteenth Amendment right to due process and his Fourth Amendment protection against illegal search and seizure. In essence, Mudd's claim against Johnson is as follows. Mudd argues he should not have been required to participate in the alcohol abuse deterrent program as a condition of pretrial release because he did not have a prior eligible conviction. He further argues Johnson had a duty to investigate whether Mudd was subject to the program. He concludes that Johnson violated his right to due process and caused him to be illegally seized

on baseless arrest warrants when Johnson failed to investigate Mudd's eligibility and instead filed notices of violation with the circuit court.

[19] Mudd's claim against Johnson is best resolved through the doctrine of qualified immunity. That doctrine protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id.*

[20] Determining whether the doctrine of qualified immunity applies to a given case involves consideration of two questions. One question is whether the facts as alleged by a plaintiff make out a violation of a constitutional right. *Id.* at 232. The other question is whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Id.* Courts may exercise discretion in deciding which question to address first. *Hernandez v. Sheahan*, 711 F.3d 816, 817 (7th Cir. 2013).

[21] We address the question of whether the right was clearly established at the time of the alleged misconduct. The right that an official is alleged to have violated must have been clearly established in a particularized and relevant sense, so that a reasonable official would understand that what he or she is doing violates that

right. *Mordi v. Ziegler*, 770 F.3d 1161, 1164 (7th Cir. 2014). The crucial inquiry is whether the official acted reasonably in the particular circumstances that he or she faced. *Id.*

Here, it is undisputed that Johnson's role in Mudd's case was limited to receiving reports of Mudd's alleged misconduct from Community Corrections, preparing notices of violation, and filing the notices with the trial court. Even if Mudd should not have been required to participate in the alcohol abuse deterrent program as a condition of pretrial release, he cites to no authority demonstrating that Johnson should have been aware that he was obligated to investigate whether Mudd should have been placed in the program. To the contrary, Johnson was entitled to rely upon the circuit court's order of conditional pretrial release. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238-39 (7th Cir. 1986) (sheriff entitled to immunity from Section 1983 claim because sheriff relied on an official court order to enforce a prior judgment). We cannot conclude that the specific alleged rights at issue were clearly established at the time of Johnson's alleged misconduct, and as a result Johnson is entitled to qualified immunity from Mudd's Section 1983 claim.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Bradford, J., and Brown, J., concur.